**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOEL GALAN, JR., | § | |
| *Plaintiff* | § | |
| | § | SA-24-CV-00427-XR |
| -vs- | § | |
| | § | |
| OCGV, LLC., OSCAR VARGAS, | § | |
| *Defendants* | § | |
| | § | |

## ORDER

On this date, the Court considered the status of this case. After careful consideration, the Court **STRIKES** Defendants Oscar Vargas ("Vargas") and OCGV, LLC's ("OCGV") answer (ECF No. 10), **VACATES** the current Scheduling Order (ECF No. 14), **DIRECTS** the Clerk to enter default against Defendants Vargas and OCGV, and **DIRECTS** Plaintiff to move for default judgment **within thirty days** of this Order. *See* FED. R. CIV. P. 55.

## BACKGROUND

On April 23, 2024 Plaintiff Joel Galan, Jr. sued Defendants for unpaid overtime under the Fair Labor Standards Act ("FLSA"). ECF No. 1. Vargas is the owner and manager of OCGV, a security service company based in San Antonio.[1] *Id.* at 1–2. Plaintiff claims he worked for Defendants as a licensed security guard and non-exempt employee, but was misclassified as a "contractor." *Id.* at 3–4. According to Plaintiff, Defendants willfully failed to pay him the FLSA-mandated overtime premium in weeks when he worked over forty hours over the last three years. *Id.*

---

[1] Plaintiff alleged that OCGV is a covered enterprise with gross annual sales more than $500,000. *Id.* at 1. Defendants disputed this. ECF No. 10 at 1.

On May 30, 2024, the Court granted Plaintiff's motion for substitute service on Defendants. ECF No. 6. On June 4, Plaintiff filed an affidavit of service indicating Defendants had been properly served. ECF No. 7. On July 3, the Court ordered Plaintiff to move for entry of default and default judgment, given that the time for Defendants to file an answer or other responsive pleading had expired. ECF No. 8.

On July 25, Vargas filed an answer, purporting to answer for himself and on OCGV's behalf.[2] ECF No. 10. The Court then ordered the parties to submit a proposed scheduling order and Rule 26(f) Report by September 10, 2024. ECF No. 11. On September 10, Plaintiff submitted a proposed scheduling order but told the Court he was unable to contact Vargas about the Rule 26(f) Report, despite multiple attempts. ECF No. 13. The Court entered the scheduling order on September 16, 2024. ECF No. 14.

That same day, the Court also issued a show cause order (1) directing OCGV to obtain counsel, as limited liability companies such as OCGV are not permitted to proceed *pro se* in federal court and (2) ordering the parties to submit their Rule 26(f) report by October 12, 2024. ECF No. 16. On October 10, Plaintiff again told the Court he could not reach Defendants to discuss the Rule 26(f) Report and requested a thirty-day extension, which the Court granted. ECF No. 17; Text Order, October 11, 2024 (also extending the deadline for OCGV to obtain counsel to November 10, 2024).

As of November 5, 2024, Plaintiff still could not reach Defendants. ECF No. 19. To date—nearly nine months into this litigation—Defendants have not contacted Plaintiff nor has OCGV obtained licensed counsel to enter an appearance. The time to do as has expired.

---

[2] The Court notes it is slightly unclear whether Vargas answered for himself and OCGV, or only himself. While Vargas appeared to answer for both by discussing OCGV and his relation to it, he stated he "creat[ed] this Affidavit as the [singular] Defendant." *Id.* The Court treats this answer as an attempt to represent himself and OCGV *pro se*. But even if Vargas answered only for himself, that would not change the Court's conclusion. *See supra* note 4.

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(iii) permits a court to strike pleadings in whole or in part for a party's failure to abide by discovery orders, including a Rule 26(f) order.[3] Two criteria must be met for a court to strike a party's pleadings. First, the sanctioned party's violation must be willful. *Id.* at 376. Second, a lesser sanction would not achieve the desired deterrent effect. *Id.*

When a corporate defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may also properly strike its defenses or enter default. *See*, e.g., *Hamilton v. EnerSafe, Inc.*, No. SA:15-CV-965-DAE, 2018 WL 7822066, at *1 (W.D. Tex., Mar. 6, 2018) ("When a corporation declines to hire counsel to represent it, the Court may strike its pleadings or enter default.").

### II.    Analysis

Because Defendants failure to comply with the Court's orders were willful and a lesser sanction would not achieve the desired deterrent effect, the Court concludes that striking Defendants' answer under Rule 37 is an appropriate sanction in this case. OCGV's failure to obtain counsel after this Court's warnings also warrants striking its answer.

### A.  Defendants' violations of the Court's orders were willful.

The Court has warned Defendants on multiple times to comply with the Court's orders, but they have not done so. The Court ordered the parties to submit a proposed scheduling order and Rule 26(f) report by September 10, 2024. ECF No. 11. Defendants did neither. After the Court

---

[3] Rule 37(b)(2)(vi) also allows the court to "render[] a default judgment against the disobedient party." This sanction grants the Court discretion to issue a default judgment, separate from the path under Rule 55 which generally requires that the Clerk enter default and the party move for a default judgment before the judgment is issued. Fed. R. Civ. P. 55(a), (b)(1), (b)(2). The Court does not render a default judgment as a sanction under Rule 37 here.

entered the operative scheduling order on Plaintiff's proposal alone, the Court issued a show cause order to the parties to submit a Rule 26(f) Report by October 12, 2024. Defendants ignored this. Even after the Court granted an extension to November 10, 2024, Defendants again failed to confer with Plaintiff and submit the report.

When a party chooses not to comply with court orders, then the party acts willfully in its violation. *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 7249831, at *3 (S.D. Tex. Nov. 18, 2020). Accordingly, the Court finds Defendants violated the Court's orders willfully.

**B. A lesser sanction would not achieve the desired deterrent effect.**

Rule 37 provides possible sanctions a court may issue when a party disobeys a court's discovery order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

Defendants have not conferred with Plaintiff to submit a Rule 26(f) Report, despite multiple orders from this Court to do so. Plaintiffs have attempt to contact Vargas on multiple occasions, to no avail. Given that both Defendants have repeatedly failed to comply with the Court's orders, the Court finds it appropriate to strike Defendants' answer. A lesser sanction would not achieve the desired deterrent effect but only prolong the case and prejudice Plaintiff.

**C. OCGV Failed to Obtain Counsel**

Defendant OCGV has also flouted the Court's order to obtain counsel. As a limited liability company, it cannot proceed *pro se* in federal court.[4] On September 16, 2024, the Court ordered OCGV "to obtain legal counsel and cause them to enter an appearance by no later than October 11, 2024, or seek an extension of time to do so." OCGV did not do so, even after the Court granted an extension of time to November 10, 2024.

With no answer or other responsive pleading filed by Defendants in time, the Court **DIRECTS** the Clerk to enter default against Defendants under Fed. R. Civ. P. 55(a). *Cf. City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of the court, a district judge also possess the inherent power to enter a default.") (citations omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court **STRIKES** Defendants Oscar Vargas and OCGV, LLC's answer (ECF No. 10), **VACATES** the current Scheduling Order (ECF No. 14), **DIRECTS** the Clerk to enter default against Defendants Vargas and OCGV, and **DIRECTS** Plaintiff to move for default judgment **within thirty days** of this Order. *See* FED. R. CIV. P. 55. Plaintiff's motion for default judgment must demonstrate that service on Defendants Vargas and OCGV was sufficient to support default judgment. **Failure to comply with this Order may result in dismissal of this case without prejudice.**

It is **SO ORDERED**.

---

[4] Even if the Court treated Vargas' answer as only intending to represent himself, then OCGV did not enter an appearance or respond to the complaint at all, and entry of default would be appropriate.

**SIGNED** this 15th day of January, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE