IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOEL GALAN, JR., *Plaintiff* | § § § § § § § § | SA-24-CV-00427-XR |
| -vs- | | |
| OCGV, LLC., OSCAR VARGAS, *Defendants* | | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff Joel Galan, Jr's Motion for Default Judgment (ECF No. 25). After careful consideration, the Court **GRANTS IN PART** the motion.

**BACKGROUND**

**I.  Facts**

On April 23, 2024, Plaintiff Joel Galan, Jr. sued Defendants OCGV, LLC d/b/a Texas Crime Management and Oscar Vargas (together, "Defendants") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). ECF No. 1. Vargas is the owner and manager of OCGV, a security company based in San Antonio. *Id.* ¶¶ 3–4. Plaintiff alleges he worked for OCGV—from 2015 until August 29, 2023—as a licensed security guard and non-exempt employee, but was misclassified as a "contractor." *Id.* ¶ 8.[1] Plaintiff alleges that Vargas hired him, supervised him, set his schedule, and was responsible for paying him. *Id.* ¶ 7; *see also* ECF No. 25-1 at 2. Plaintiff contends that Defendants willfully failed to pay him the FLSA-mandated overtime premium in weeks when he worked over forty hours over the last three years. ECF No. 1 ¶¶ 8–9, 14. Plaintiff

---

[1] Plaintiff also worked for OCGV "from around 2010 to 2012," but was properly classified as a W-2 employee during this time. ECF No. 25-1 at 2.

seeks to recover unpaid wages, liquidated damages, attorney's fees, costs, and post-judgment interest. *Id.* at 5.[2]

## ANALYSIS

**I.**     **Legal Standard**

Under Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). A party is not entitled as a matter of right to default judgment, even where the defendant technically is in default. *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012); *see also D'Costa v. Abacus FoodMart Inc.*, 4:21-CV-4031, 2023 WL 1094019, at *2 (S.D. Tex. Jan. 26, 2023), *report and recommendation adopted*, 2023 WL 2088424 (S.D. Tex. Feb. 13, 2023) ("The appropriateness of default judgment depends on '(1) whether a default judgment is procedurally warranted; (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief; and (3) what form of relief, if any, Plaintiffs should receive.'" (citation omitted)).

---

[2] Without repeating the procedural history here, *see* ECF No. 23 at 1–2, on January 15, 2025, the Court struck Defendants' answer for failure to comply with Court orders, directed the Clerk to enter default against Defendants, and directed Plaintiff to move for default judgment, *id.* at 3–5.

## II. <u>Analysis</u>

### A. Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted).

**Subject Matter Jurisdiction.** Because Plaintiff asserts a claim under the FLSA, he invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331.

**Service.** Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins.,* 167 F.3d 933, 940 (5th Cir. 1999). Here, service was proper. After the Court granted Plaintiff's motion for substituted service on May 30, 2024, ECF No. 6, Plaintiff filed affidavits of service indicating Defendants were properly served on June 3, 2024, ECF No. 7.

**Personal Jurisdiction.** This Court has general personal jurisdiction over Defendants as Plaintiff pled they are residents of Texas. ECF No. 1 ¶ 5. *See Religious Tech. Center v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) ("The residency of a defendant in the forum state routinely creates such systematic and continuous contact.").

### B. Liability

#### 1. Default is Procedurally Proper

Six factors inform whether default is procedurally warranted: "[(1)] whether material issues of fact are at issue, [(2)] whether there has been substantial prejudice, [(3)] whether the grounds for default are clearly established, [(4)] whether the default was caused by a good-faith mistake or excusable neglect, [(5)] the harshness of a default judgment, and [(6)] whether the court would

think itself obliged to set aside the default upon the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (numeration added). Here, a default judgment against Defendants is procedurally proper.

First, there are no disputed material issues of fact. While Defendants previously filed an answer, ECF No. 10, the Court struck it for failure to comply with Court orders; for Vargas, failure to submit a proposed scheduling order and Rule 26(f) Report and, for OCGV, failure to obtain counsel, *see* ECF No. 23. Plaintiff's allegations are therefore deemed admitted because there is no operative "responsive pleading." *See* FED. R. CIV. P. 8(b)(6) ("An allegation ... is admitted if a responsive pleading is required and the allegation is not denied.").

Second, Defendants cannot claim that default would substantially prejudice them because they were properly served, advised of the need to comply with Court orders, and their subsequent inaction "has ground the adversary process to a halt." *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *2 (W.D. Tex. Nov. 23, 2020).

Third, the grounds for default are clearly established: Defendants were properly served, failed to follow Court orders which resulted in their answer being stricken, and the Clerk of the Court entered default. These circumstances foreclose any basis for claiming that their default resulted from a good-faith mistake or excusable neglect, or that the entry of default judgment would be unduly harsh, the fourth and fifth factors. Nor is the Court aware of any facts that give rise to "good cause" to set aside default if challenged by these defendants.

**2. The Complaint Provides a Sufficient Basis for Default**

The Court now looks to the substantive merits of Plaintiff's claims.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact [and] is concluded on those facts by the judgment . . . ." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th

4

Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept the plaintiff's well-pleaded facts as true, the Court then asks whether there is a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206; *see also* 10A Wright, Miller et al., FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

In other words, "whether the factual allegations in the complaint—apart from those about damages—if taken as true, would state a claim upon which relief can be granted." *D'Costa*, 2023 WL 1094019, at *3. This threshold is lower than the standard for surviving a motion to dismiss under Rule 12(b)(6). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F. 3d 490, 499-500 (5th Cir. 2015) (holding that the allegations need only provide fair notice of the claim under Rule 8, particularly when the defaulting defendant chose to forgo moving for dismissal or for a more definite statement under Rule 12(b)(6) or 12(e)); FED. R. CIV. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff's cause of action arises under the FLSA for unpaid overtime wages. The FLSA requires employers to pay overtime compensation to "employees who work more than forty hours during a workweek unless such employees are [exempt]." *Bondy v. City of Dallas,* 77 F. App'x. 731, 732 (5th Cir. 2003) (per curiam). At the outset, Plaintiff pled that he is not exempt from the FLSA, that is, he is subject to the FLSA overtime-pay requirement. *See* ECF No. 1 ¶ 13. "Whether an employee is exempt under FLSA is mainly a fact issue determined by salary, duties, and application of the factors in 29 C.F.R. § 541.0 et seq.; however, the ultimate determination is a question of law." *Champion v. Phaselink Util. Solutions, LLC*, 22-CV-145, 2022 WL 3693461, at

5

\*4 (W.D. Tex. Aug. 24, 2022). The exemptions are narrowly construed against the employer, and the employer bears the burden of demonstrating that an employee is exempt. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002) (citing *Dalheim v. KDFW–TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)). "[T]he general rule [is] the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–197 (1974). Because Defendants failed to plead any affirmative defense, the Court treats Plaintiff as a non-exempt employee.

"To succeed on an FLSA claim, a plaintiff must show that: (1) plaintiff was employed by defendant(s); (2) in plaintiff's work for the defendant(s), plaintiff was engaged in 'an enterprise covered by the FLSA'; and (3) defendant failed to pay plaintiff overtime pay for all hours worked in excess of forty hours for one or more work week." *Hayes v. Primavera Primary Home Care, Inc.,* No. SA-16-CV-575-XR, 2017 WL 564115, at \*2 (W.D. Tex. Feb. 10, 2017) (citing *Oroczo v. Plackis*, 757 F.3d 445, 447 (5th Cir. 2014)). Overtime compensation must be at "a rate not less than one and one-half times the regular rate at which [plaintiff] is employed." 29 U.S.C. § 207(a)(1).

Plaintiff has pled facts that meet these elements. First, Plaintiff pled he was employed by Defendants. Employ means to "suffer or permit to work," meaning that an alleged employee spent time performing a principal activity for the benefit of the alleged employer. 29 U.S.C. § 203(g). Plaintiff asserts that he was hired as a "licensed security guard" and performed work that was "integral to Defendants' security business." ECF No. 1 ¶ 8; *see also* ECF No. 25-1 at 2–3 ("I was subject to the Company's policies" and "was also supplied with, and ordered to wear, a Texas

6

Crime Management uniform and duty belt").[3] Second, Plaintiff has adequately alleged Defendants are an employer under the FLSA. *See* ECF No. 1 ¶ 11 (alleging Defendants "engaged in interstate commerce and have had gross annual sales in excess of $500,000); *see* 28 U.S.C. § 203(s)(1) (an "enterprise engaged in commerce or in the production of goods for commerce" include[s] an enterprise that: (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."). And third, Defendants failed to pay Plaintiff's overtime wages for all hours worked in excess of forty hours a week. *See* ECF No. 1 ¶ 9.

Accordingly, Plaintiff is entitled to a default judgment as to liability on the FLSA claim.

**C.  Damages and Fees**

Plaintiff seeks to recover unpaid overtime and liquidated damages, as well as attorney's fees and costs. An employer who violates the overtime provisions of § 207 of the FLSA is liable to the affected employee for unpaid overtime compensation, as well as liquidated damages equal to the amount of unpaid wages for willful violations of the statute. *See* 29 U.S.C. § 216(b). While Plaintiff has stated a plausible claim for relief under the FLSA, a default judgment is a judgment on the merits that conclusively establishes the defendant's liability. It does not establish the amount of damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).  Usually, non-liquidated damages are

---

[3] Both OCGV and Vargas qualify as Plaintiff's employer under the FLSA. Plaintiff was employed by OCGV, which is owned by Vargas, who hired him, supervised him, set his schedule, and was responsible for paying him. *See Patterson v. O'Bar Wrecker Service, LLC*, 685 F. Supp. 3d 387, 396–97 (N.D. Tex. July 31, 2023).

proven at a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (explaining the general rule that non-liquidated damages in default judgment are not awarded without an evidentiary hearing). But where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is unnecessary. *Id.* The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

1. **FLSA Damages**

Although employers are generally the party in possession of payroll and personnel records necessary to calculate damages with certainty, courts find employee affidavits to be sufficient evidence when employers fail to participate in FLSA cases. *See Champion*, 2022 WL 3693461, at *8 (citing cases). Likewise with liquidated damages, an employer is the one to put on a good faith defense. *See id.* (citing cases); *id.* ("An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith." (citation omitted)).

In support of damages, Plaintiff submits an affidavit and spreadsheet as proof of entitlement. ECF No. 25-1. These adequately detail the unpaid overtime hours for the period at issue. Since these are capable of mathematical determination, the amount can be reasonably computed from the record and without a hearing. *See* FED. R. CIV. P. 55(b)(2).

Plaintiff states he was paid $12.50 per hour during his employment from April 23, 2021 to August 29, 2023.[4] Based on his contracted salary, his overtime rate is calculated as follows: $12.50/2 = $6.25 (half-time premium). Plaintiff attests that from April 23, 2021 to August 29, 2023 (122 weeks), he worked around 70 hours per week but was not paid overtime for over forty hours

---

[4] Because Plaintiff pled Defendants' conduct was willful—evidenced by the fact that Defendants previously paid the overtime premium but then discontinued doing so, ECF No. 1 ¶ 14—the three-year lookback period applies. *See Patterson*, 685 F. Supp. 3d at 388–89; *see also* ECF No. 25-1 at 3 ("I did repeatedly complain to Mr. Vargas about not being paid the overtime pay, but he refused to change his pay practice.").

8

worked. ECF No. 25-1 at 3.[5] So Defendants owe him $22,875: $6.25 x 30 (overtime hours per week) = $187.50 x 122 (weeks worked) = $22,875 x 2 (liquidated damages multiplier) = $45,750.

Accordingly, the Court will award these compensatory and liquidated damages to Plaintiff, and Defendants shall be jointly and severally liable to pay the total amount of $45,750 to Plaintiff.

### 2. Attorney's Fees and Costs

The FLSA also allows courts to award Plaintiff reasonable costs and attorneys' fees. *Medina v. Fed. Janitorial Servs.,* No. EP-12-CV-350-PRM, 2013 WL 8480147, at *5 (W.D. Tex. Sept. 24, 2013) (citing 29 U.S.C. § 216(b)). "The burden rests on the plaintiff to show the reasonableness of the hours billed and, therefore, plaintiff's counsel is also charged with proving that they exercised billing judgment." *Id.* Allowed costs are limited to those categories listed under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

A court must use the traditional "lodestar method" to calculate an appropriate attorney-fee award under the FLSA. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorney fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records and the reasonableness of the hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time it finds to be excessive, duplicative, unnecessary,

---

[5] Plaintiff states that he "normally worked 60 to 80 hours per week" and that 70 hours is a "conservative estimate." *Id.* The Court is satisfied that this is sufficient evidence, considering Defendants' failure to participate in this case.

or inadequately documented. *See id*. The hours remaining are those reasonably expended, and there is a strong presumption of the reasonableness of the lodestar amount. *Saizan*, 448 F.3d at 800.

Plaintiff seeks attorney's fees in the amount of $5,680 (at a rate of $400/hour) and $820 in expenses. Plaintiff submitted a declaration of counsel in support of their counsel's legal fees and costs. ECF No. 25-2. The declaration lists 14.2 hours worked, after deductions based on billing judgment. *Id.* at 1. The Court finds 14.2 hours at $400/hour to be a reasonable and appropriate rate in this case. *Martinez v. Master Flow Technologies, LLC*, No. SA-23-CV-227-XR, 2024 WL 4653189, at *5 (W.D. Tex. Oct. 21, 2024) (finding $400/hour to be "reasonable and the appropriate rate").

Plaintiff also seeks costs for filing fees in the amount of $405 and process server fees in the amount of $415. The Court reduces the process server fee to $65 in accordance with the prevailing rate of the United States Marshall service. *See* 28 C.F.R. § 0.114(a)(3).

### 3. Post-Judgment Interest

Plaintiff seeks post-judgment interest. Plaintiff is entitled to post-judgment interest at the published rate for the week prior to the date of judgment until the date paid. *See Champion*, 2022 WL 3693461, at *10; 28 U.S.C. §§ 1961(a), (b).

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 25) is **GRANTED IN PART.** Plaintiff Joel Galan, Jr. is entitled to $45,750 from Defendants. Plaintiff is awarded $5,680 in attorney's fees and $470 in costs. Defendants OCGV and Vargas are **JOINTLY AND SEVERALLY** liable for the damages, attorney's fees, costs, and post-judgment interest to Plaintiff.

A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

**SIGNED** this 6th day of May, 2025.

                                                                               _____
                                                                               XAVIER RODRIGUEZ
                                                                               UNITED STATES DISTRICT JUDGE